**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Alberto AYON–PEREZ, Defendant—
Appellant.**

**No. 04–50420.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard Cheng, AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael Petrik, Jr., Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Alberto Ayon–Perez appeals his jury-trial conviction and 121–month sentence for importation of cocaine and possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 952, 960, and

841(a)(1). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on a motion for suppression of evidence. *See United States v. Sandoval,* 390 F.3d 1077, 1080 (9th Cir. 2004). Factual determinations underlying the district court's ruling are reviewed for clear error. *See id.* We affirm the conviction and remand the sentence.

Ayon–Perez contends that the district court erred in denying his motion to suppress evidence obtained by means of drilling a hole through the back of his vehicle glove compartment during a search at an international border. We are not persuaded. The district court did not err in denying Ayon–Perez's motion to suppress the evidence. *See United States v. Chaudhry,* 424 F.3d 1051, 1054 (9th Cir. 2005) (holding that search did not require reasonable suspicion where a single 5/16–inch hole was drilled in the bed of a pickup truck because it is not "so destructive as to require a different result"); *United States v. Camacho,* 368 F.3d 1182, 1185 (9th Cir. 2004) ("[M]ere speculation about a search's risks, without supporting evidence, cannot support a reasonable suspicion requirement.") (citation omitted).

Because Ayon–Perez was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court for proceedings consistent with *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir. 2005) (extending *Ameline's* limited remand procedure to cases involving non-constitutional *Booker* error.).

Accordingly, we affirm the conviction and remand the sentence.

**CONVICTION AFFIRMED; SENTENCE REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.