[redacted]

[redacted]

**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Alberto AYON-PEREZ, Defendant-Appellant.**

**No. 06-50110.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2007.*

Filed Feb. 15, 2007.

Richard C. Cheng, Esq., Roger W. Haines, Jr., Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vince J. Brunkow, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before KOZINSKI and TROTT, Circuit Judges, and MOLLOY,** District Judge.

### MEMORANDUM ***

Defendant raised his sentencing claims in his original appeal, but we ordered a remand pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc), without resolving these claims. *See United States v. Ayon–Perez*, 150 Fed. Appx. 711 (9th Cir.2005) (mem.). As such, they were preserved. *See United States v. Combs*, 470 F.3d 1294, 1297 (9th Cir.2006) (defendant cannot raise "new claims" after an *Ameline* remand).

In order to be eligible for safety valve relief, defendant must have "truthfully provided to the Government *all* information and evidence the defendant has concerning the offense." U.S.S.G. § 5C1.2 (emphasis added). The district court did not clearly err in finding that defendant failed to tell all he knew. *United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir.1996) (factual determinations made in assessing safety valve relief are reviewed for clear error).

Given the state of the record, which included evidence that defendant possessed a large quantity of narcotics when he was arrested, the district court did not clearly err in finding defendant ineligible for a "minor participant" adjustment pursuant to U.S.S.G. § 3B1.2(b). *See United States v. Sanchez–Lopez*, 879 F.2d 541, 557 (9th Cir.1989) (a district court's determination on a minor role adjustment is reviewed for clear error); *United States v. Lui*, 941 F.2d 844, 849 (9th Cir.1991) (possession of a substantial quantity of narcotics is grounds for refusing a minor role adjustment).

**AFFIRMED.**

---

** The Honorable Donald W. Molloy, Chief United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

